UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., et al.,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>PACIFIC LEGENDS GREEN VALLEY OWNERS' ASSOCIATION, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:16-CV-1612 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for partial summary judgment as to the merits of this case. (ECF No. 39). BANA subsequently filed an errata to that motion. (ECF No. 40). Defendants Pacific Legends Green Valley Owners' Association (the "HOA") and BFP Investments 3, LLC ("BFP") filed responses (ECF Nos. 42, 43), and BANA filed both a reply (ECF No. 47) and an amended reply (ECF No. 48).

Also before the court is BFP's motion for partial summary judgment regarding the applicability of the return doctrine in this case. (ECF No. 31). BANA filed a response (ECF No. 36), and BFP filed a reply (ECF No. 38).

Finally, this court also considers BFP's motion to certify a question of law. (ECF No. 28). BANA has filed a response (ECF No. 32), and BFP has filed a reply (ECF No. 33).

**I.　　Introduction**

The instant litigation involves the parties' competing interests in the real estate at 75 N. Valle Verde Drive #1025, Henderson, Nevada 89074. (ECF No. 1). BANA received its purported interest in the property via an October 5, 2011, assignment of deed of trust. (ECF No. 40-1).

**James C. Mahan**
**U.S. District Judge**

On January 3, 2012, the HOA, through Nevada Association Services, Inc. ("NAS") recorded a notice of delinquent assessment lien, indicating an amount due of $758.78. (ECF No. 43-1).

On February 24, 2012, NAS recorded a notice of default and election to sell, indicating an amount due under the lien of $3,042.18. (ECF No. 40-1).

On June 4, 2014, NAS recorded a notice of foreclosure sale on the property, identifying a sum due of $10,487.03.[1]  (ECF No. 43-1).

On August 25, 2014, NAS recorded a foreclosure deed on the property, which allegedly conveyed title to BFP after auction. (*Id.*); *see also* (ECF No. 1).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

---

[1] The court is cognizant of the November 6, 2012, notice of foreclosure sale indicating an amount due of $5,668.60. (ECF No. 43-1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III. Discussion**

*A. Partial summary judgment on the merits*

In its partial motion for summary judgment, BANA argues—or appears to argue—that: (1) *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*") fatally rendered broad segments (or all) of Nevada Revised Statute ("NRS") chapter 116 unconstitutional; (2) actual notice is "irrelevant"; and (3) alternatively, a lack of knowledge as to the specific value assigned to the super-priority lien is constitutionally insufficient notice. (ECF No. 39 at 3–9).

This court has routinely confronted the first two arguments in cases involving nonjudicial HOA foreclosure sales, and it has also routinely ruled against these arguments. *See, e.g.*, *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *4–8 (D. Nev. July 5, 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-407-JCM-CWH, 2017 WL 2192968, at *5 (D. Nev. May 18, 2017); *Bank of Am., N.A.*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-PAL, 2017 WL 1843702, at *5 (D. Nev. May 5, 2017); *see also Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *12 (D. Nev. Mar. 1, 2017) (discussing the deed-of-trust holder's pre-foreclosure options to prevent a sale). The court sees no reason to deviate from its previous logic here.

The third argument similarly fails. BANA received actual notice of the HOA lien and the impending foreclosure sale (ECF No. 43-1 at 178–198); moreover, this court has previously rejected the argument that the failure to specifically identify the HOA super-priority lien creates a violation of due process. *See, e.g.*, *Maplewood Springs Homeowners Ass'n*, 2017 WL 843177, at *7; *see also SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 418 (Nev. 2014) (indicating that a party could pay off the full amount of the lien and sue for a refund).[2]

Therefore, BANA's arguments in favor of its motion for partial summary judgment are unpersuasive, and the motion will be denied.

*B.  Certify a question of law*

Next, this court considers BFP's motion to certify a question of law. (ECF No. 28). BFP's offered question is: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 28 at 2). As this court has previously done for motions to certify this exact question, and for the same reasons, it will deny this motion. *See, e.g.*, *Bank of Am., N.A. v. Desert Pines Villas Homeowners Ass'n*, No. 2:16-cv-725-JCM-NJK, 2017 WL 2908868, at *4 (D. Nev. July 6, 2017); *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, No. 2:15-cv-1768-JCM-CWH, 2017 WL 598761, at *12 (D. Nev. Feb. 14, 2017).

*C.  Return doctrine*

Finally, BFP has brought another motion for partial summary judgment, which asks this court to determine whether the "return doctrine" applies in the wake of the Ninth Circuit's *Bourne Valley* decision. (ECF No. 31 at 2). In light of this court's previous decisions regarding

---

[2] The court finds BANA's argument that the discussion in *SFR Invs.* regarding pre-foreclosure remedies perpetuates the opt-in notice scheme invalidated in *Bourne Valley* to be attenuated and unsupported. *See* (ECF No. 39).

James C. Mahan
U.S. District Judge

- 4 -

substantially similar cases involving deed-of-trust holders who possessed actual knowledge of the relevant foreclosure sale—but failed to timely act to protect their rights—the court finds that adjudicating this motion would likely produce an impermissible advisory opinion. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998); *Flast v. Cohen*, 392 U.S. 83, 96–97 (1968); *see also Maplewood Springs Homeowners Ass'n*, 2017 WL 843177, at *12.

### IV.  Conclusion

In sum, the instant motions are either unpersuasive or will not be considered to avoid producing an advisory opinion. Thus, all three motions will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for partial summary judgment (ECF No. 39) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BFP's motion for partial summary judgment (ECF No. 31) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BFP's motion to certify a question of law (ECF No. 28) be, and the same hereby is DENIED.

DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**